## Application of HOLBROOK.
### No. 40996.

District Court, E. D. New York.
Jan. 23, 1942.

Turnbull & Bergh, of New York City, for Guaranty Trust Co. of New York and John G. Turnbull, executors of estate of Clara Turnbull Keith.

Abraham O. Chasser, of New York City (Samuel Rubin, of New York City, of counsel), for Edward J. Dillon, judgment-creditor.

Emmet L. Holbrook, of New York City, pro se.

George J. Todaro, of New York City, for Minor Keith.

BYERS, District Judge.

In this debtor proceeding, there are two motions before the court:

A. By John G. Turnbull as co-executor, etc., of Clara Turnbull Keith, for an order directing that Edward J. Dillon, a creditor of Minor C. R. Keith, be made a party to this proceeding, so that his rights as such may be determined as against the debtor, who is the assignee of the said Keith, with reference to funds held by Turnbull and another as executors.

The petition upon which that motion is based is denied in certain respects by the debtor, and a so-called defense is pleaded, which seeks to raise certain questions of law based in part upon a state of alleged facts as therein pleaded.

B. A so-called turn-over order, directing the said executors to turn over to the debtor about $6,000.00 now in their hands as the result of a settlement effected with the said Keith, pursuant to a contract between legatees under the will of which they are executors, the latter, and the said Keith.

It sufficiently appears that the executors have been directed to pay about $1,000.00 to Dillon, by the City Court of the City of New York, pursuant to an order or mandate of the Appellate Term of the Supreme Court of New York, on appeal from an order of the former court.

The debtor was not a party to the proceeding in which that order was made, but the executors were; the debtor seems to argue that because his arrangement was confirmed by the Referee in charge on November 5, 1941, and as to which jurisdiction was retained "for the purpose of carrying out the arrangement only", it is sufficiently before the court to enable it to order the executors to disregard the said order of the City Court.

The arrangement calls for the payment of creditors in full, in four equal instalments, and it is plausible to argue that those creditors have rights which it is the duty of the court to consider, at least to the extent of ascertaining the precise property of the debtor in the assignment by Keith to him, which bears date January 2, 1941.

The matter cannot be referred to the Referee, for he has concluded his duties. But the questions of law and fact should be resolved in light of the evidence, to the end that the dimensions of the debtor's property derived from the Keith assignment may be ascertained.

Pursuant to General Order No. 37, 11 U.S.C.A. following section 53, and Rule 53 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, these two motions will be consolidated and referred to Henry C. Frey as Special Master,

to take testimony and report to this court his findings and conclusions on the subject-matter, which he is requested to do with all convenient speed.

Settle order.